STATE OF MAINE
OXFORD, SS.



SUPERIOR COURT
CIVIL ACTION
Docket No. AP-99-02

EAG -OXF - 5/5/2000

**DONALD L. GARBRECHT
LAW LIBRARY**

OLA MIELE,
        Petitioner,

v.

MAINE DEPARTMENT OF
    HUMAN SERVICES,
        Respondent.

<u>DECISION AND JUDGMENT</u>

**MAY 9 2000**

In January 1998, Ola Miele's husband, Emile Miele, was placed in the Maine Veteran's Home. Soon thereafter, the Department of Human Services assessed a $255.85 monthly "cost of care" against his receipt of federal benefits. The balance, approximately $766.00, was paid to Mrs. Miele. The "cost" assessed was determined pursuant to 42 U.S.C. 1396, et seq., and the Department's regulations.

Sometime thereafter, Mrs. Miele reduced her living expenses by moving to a smaller apartment. As a result, and again pursuant to 42 U.S.C. 1396, et seq., and its own regulations, the Department reassessed Mr. Miele's cost of care to $551. 12. This resulted in a lower payment to Mrs. Miele.

Mrs. Miele requested and received an administrative hearing to challenge the reconfigured payments. That hearing was held on December 1, 1998. The hearing officer upheld the Department's decision to reduce Mrs. Miele's monthly income allowance. Mrs. Miele appealed that decision by filing a petition for review of final agency action on February 12, 1999.[1]

At the hearing on May 5, 2000, Ms. Miele appeared, pro se, and the State was represented by AAG Ross.

Ms. Miele's assertion here and before the administrative body is that her financial needs were no adequately considered. After the hearing in December 1999, the hearing officer prepared a clear and comprehensive review of the facts presented by this case. Having had an opportunity to review the presentations by the parties, the court is satisfied that the hearing officer's findings were well-supported by the facts.

---

[1] Although it does not appear that the appeal was timely filed, the State did not object.

The court further finds that:

1. The Department's decision did not violate any constitutional or statutory provisions;
2. The Department's decision did not exceed its statutory authority;
3. The Department's decision was based upon lawful procedures;
4. The Department's decision was unaffected by bias or error of law;
5. The Department's decision was supported by substantial evidence in the record; and
6. The Department's decision was not arbitrary or capricious, and was not characterized by an abuse of discretion.

Based upon the record, and the arguments presented, the court affirms the decision of the Department of Human Services, and sustains its administrative action.

The Clerk may incorporate this Decision and Judgment upon the docket by reference.

Dated: May 5, 2000

_____
JUSTICE, MAINE SUPERIOR COURT
[ Ellen A. Gorman ]